Yes, Your Honor, this is a consolidated case. Mr. Ramirez and Mr. Beltran Zamudio. Yes, Your Honor, and with the Court's permission, I have obtained Mr. Brannon's approval, as well as the government has no objection that I will simply handle the argument for the defense. That's good. May it please the Court, my name is Craig Harbaugh, attorney for Mr. Beltran Zamudio, the appellant. I would also like to, with the Court's permission, reserve one minute for rebuttal. Okay. Your Honor, appellant concedes that Sergeant Meyer and the task force had probable cause to stop the vehicle based upon narcotics activity. That said, Your Honor, the collective knowledge doctrine does not save the unlawful traffic stop and arrest that occurred in this case. Well, then what was the basis for probable cause? Your Honor, based on your concession. Well, Your Honor, we're conceding that Sergeant Meyer and the task force could have, on their own, conducted the Fourth Amendment intrusions here. However, they did not and were forced to focus on the objective facts and information available to Sergeant Officer Holbin at the time. Because the stop, because the officer, that's the officer who actually did the stop. Yes, Your Honor. Officer Holbin is the one who carried out the traffic stop. I have some difficulty understanding the limits of your, of the principle you're advancing. You concede that the government, I'm sorry, the police department as a whole had probable cause, right? And you have to concede that not every individual officer involved in the arrest or the search has to know all the details. Your Honor, I agree as a general matter. I would take issue specifically factually. We don't concede that the police department as a whole had probable cause to pull over the vehicle. And I would like to highlight that. Well, I'm sorry. I may have misspoken. You concede that somebody in the police department did. Sergeant Morris, right? The head of that detail. I believe it's Sergeant Meyer. Meyer, right? Yes. Yes, Your Honor. However, the only way that the collective knowledge doctrine can be invoked is if there is communication of minimal information regarding probable cause. That did not. Is it not enough if Sergeant Meyer radioed and said we've got a Mercury Mountaineer with such and such plates, sort of beyond our capacity, would somebody pick him up for us, please? He's wanted. Isn't that sufficient without having to give the details to the traffic officer who pulls him over? Your Honor, I would disagree, no, that that's not sufficient. The Hensley decision by the U.S. Supreme Court dictates that in that case there was a wanted flyer, a bulletin issued. They provided specific detail regarding that this was a suspect in an aggravated robbery. I provided the identifying information for the physical description as well as the vehicle that that person was driving. And then the officer actually made a stop, a Terry stop, based upon that communication. Here, Sergeant Meyer asked for a traffic stop, and that is a term of art within law enforcement. And I would like to emphasize that several officers, Sergeant Meyer stated it was a traffic stop, and this is at ER 99. Officer Lawrence said it was a traffic stop at ER 27, and Officer Holbin recognized it to be a request for a traffic stop. And that's precisely what he did. He followed the vehicle for one-half mile approximately, as he stated, and then observed whether he concluded that it committed lane straddling violation. He stopped it on that basis. Then when he asked for the driver's license, solely because it was a Mexican driver's license or a foreign driver's license, he arrested him based upon not having a California driver's license. Now, the government has never argued in any of its pleadings that the arrest was valid based upon that traffic offense. They are simply trying to supplant the actual basis for the stop retroactively. The arrest for possessing the Mexican driver's license was pretty clearly an error, wasn't it, under California law? Yes, it was, Your Honor. But the basis for conducting the stop as crossing over the lane markers was not an error. Judge Raffitti was probably wrong on that, wasn't he? Your Honor. An officer can, if an officer finds you straddling a lane under California law, the officer can pull you over for a lane violation. Is that right? Your Honor, the only basis is the United States v. Isn't that correct under California law? Your Honor, based upon the L.A. Superior Court appellate decision, assuming that is California law, yes, that the conjunctive of failing to remain as practical within the lanes and failing to ensure that you're not obstructing the flow of traffic, assuming that that was correct and then adopting the reasoning of Collins, that would be permissible. However, Your Honor, even assuming that was a valid stop, the search or the canine sniff of the vehicle was based upon was a direct result of the unlawful arrest in this case. It occurred one hour after the stop, which is a citable offense. It's a traffic infraction, not grounds for arrest. And the vehicle was only detained as a result of this arrest of Mr. Beltran based upon the license. And so the government can't get around the unlawful arrest by relying on the lane trailing. And I would point out that the judge did not find it on that basis, and the government has never argued that as an alternative ground for the stop. Let's say they make the stop, and I think you have to agree that the stop, officer sees this violation of California law, and he can stop and give a ticket. He can file it later if you think it's not, you know, it's not, it's not, he didn't make up facts. He stopped. And then he finds a driver that he believes is driving without what is required to be a proper license in California. Now he's wrong about that. There's a lot of statutes out there, and the officer simply makes a mistake. But he's in a situation, having made that mistake, that he now have a vehicle on the side of the road that has no driver. Isn't that a situation you find yourself in? And given that is the case, why can't they bring a dog along? The car's not going anywhere. Why can't they bring a dog along to sniff it? There's no intrusion involved in having a dog sniffing the car. Your Honor, if I could address the first portion first. With, you were discussing the difference between a mistake of fact and a mistake of law. We do not fault officers for making a mistake of fact. So if he was incorrect in finding that the vehicle actually traversed the dotted and boxed lines, then at the end of the day it will be upheld as it was, he had reasonable suspicion. But a mistake of law can never be a basis for reasonable suspicion. And here... Oh, no, but nobody's saying it is. What happens is he thinks this guy doesn't have a license. He's wrong about that. But being wrong about that, he can't let him get back in the vehicle because he is under the belief this guy can't drive away. Because if he drives away, he'll again be driving without a license. So we can't let him drive away. The car is stuck there without a driver. We have to take the driver and the passenger away because it's a freeway. We can't let them walk off. So then you've got the car stuck without a driver. It turns out the officer is mistaken. The guy, in fact, does have a license. It's a Mexican license. The officer is mistaken about the way he's allowed to drive with a Mexican license. But that's the situation you find yourself in. As a result of the officer's mistake, the car is sitting there on the side of the road without a driver. Isn't that... I mean, put aside the whole question of whether they had probable cause to search as a result of the narcotics investigation. Why can't they bring a dog along and sniff at them? Your Honor, I believe that your question is dictated by the Supreme Court's decision in Illinois v. where the Supreme Court held that a canine sniff does not constitute a search. That it could be contemporaneous with a traffic stop. However, the Supreme Court was very clear that the traffic stop cannot be prolonged unreasonably beyond what is necessary to effectuate that stop. That's my very question. He didn't, given what the officer thought, which is that this guy cannot drive on the streets of California with a Mexican driver's license. He was wrong about that, but that's his belief. He can very well let the driver get back in the car and say, you drive off, buddy. He asked him to haul the driver away from the car because he believes this is somebody not authorized to drive. I don't know how you get around that. Your Honor, I respectfully disagree. His mistake of law resulted in an unlawful arrest. The unlawful arrest takes him away from the vehicle and forces an unconstitutional seizure or detention of that vehicle. That does not follow. It may have been an unlawful arrest, but does not change the fact that it is an arrest that prevents the driver from driving the vehicle. So the leap that you want to make is because the arrest was unlawful, therefore the seizure was unlawful. It just doesn't follow. The arrest may have been unlawful, but it nevertheless existed. It was a fact. And it precluded the driver from driving the vehicle off long enough for the government to come by and bring a dog and have it sniffed. Your Honor, and I would just like to quote from the Supreme Court on this issue. Assuming that if the subsequent discovery of contraband was the product of an unreasonably prolonged traffic stop, this would warrant suppression. And that's the Supreme Court relying on another Illinois Supreme Court decision. Here, there's no way for the government to argue that the lane straddling caused the vehicle to be there for longer than an hour. The only reason it was there is because he was arrested and taken from the scene. The government can't now avail themselves of a mistake of law, which we've concluded can never support a basis for arrest, and then say, well, now that the vehicle is there, we can conduct this dog sniff. The vehicle would have never been there had Officer Holbin never relied on a mistake of law to cart Mr. Beltran off to the jail. And so the government, it would – they're essentially being allowed to take advantage of unlawful conduct. And as I stated in Illinois v. Corbeus and as laid out in the brief – or arguments below on U.S. v. Place, the Supreme Court made it very clear that you can't delay beyond what is reasonably necessary. And here, all that was necessary – Are you claiming anything other than a mistake on the driver's license? Are you claiming pretext? Are you claiming that the officer knew very well that the guy could drive with a Mexican driver's license, but he arrested them anyway as a pretext? Is that part of the claim? No, Your Honor, we're not. Under Wren v. United States, pretext doesn't matter. We look to the objective facts known to the officer at the time carrying out the traffic stop. And here, the only information that he had was that it was lane straddling and then saw the license and he was in error. The key to your argument is that the label traffic stop defines what's going on as well as the legal ramifications. Your Honor, that is part of it, the label traffic stop is, but here we just look objectively at his actions and what Officer Holbin did. If he believed at all that this was a probable cause stop, he could have simply just pulled over the vehicle at that time and carried out an investigation based upon a suspected drug activity. But that's not what he did. If Meyer had told him, we want this guy, the same question you heard earlier, get him, your position is that would have been a valid stop. Your Honor, not simply get him would have been sufficient, but get him for drug activity? See, he's suspected for drug activity? Yes, Your Honor. And I would just like to highlight that in Newman, the decision, this is a district court decision, and after surveying all of this Court's precedent, the standard is some minimal level of information regarding probable cause for the government to invoke collective knowledge. What purpose is being served by this distinction? If you've made the concession that there's probable cause, which you did right at the very beginning, to have stopped him for the narcotics investigation, what purpose is being served by treating this as a traffic stop and allowing that whole body of jurisprudence to apply? What's the purpose here? Your Honor, it's critical for several reasons that the communication requirement apply. And first is the Supreme Court standard articulated regarding what is necessary for probable cause and reasonable suspicion. This is an exception to the warrant requirement. We allow officers to articulate specific facts and any conclusions drawn therefrom known at the time to determine whether the stop was reasonable. And, Your Honor, the only way we get that link, where this Court can objectively evaluate whether that was reasonable, is providing this minimum level of communication. It certainly does not thwart law enforcement in any way for Officer or Sergeant Meyer to state pull this vehicle over for drug activity. And, Your Honor, the fact that he said traffic stop negated any and left it at a minimum ambiguous. Officer Holbin. What would it have done if he had said stop this vehicle for drug activity? It certainly wouldn't have told the officer on the scene what the basis was for probable cause, or even that there was probable cause or anything of that sort. I mean, let's say Meyers had, in fact, said exactly what you said. Pull this guy over for drug activity, which you say would have been sufficient. Would the officer, this Holbin, have known any more than he knew? Your Honor, he wouldn't have known the specific facts. However, it's critical that some concept of probable cause. Why on God's earth would the guy who's the head of the narcotics unit want a car pulled over other than for suspicion of drug activity? I mean, in what way is the statement that you say is okay any different from the statement that, in context, that was actually made here? Your Honor, there are a number of reasons, one of which is that Sergeant Give me one really good one. Sergeant Meyer did not believe there was probable cause and wanted to stop the vehicle so they can conduct a canine It doesn't matter. You have said that if he had said stop this car for drug activity, that would have been enough. You just said it two minutes ago. You said if you just said stop this car for drug activity, that would have been hunky-dory. I agree, Your Honor, and I thought you had also said why else would he have wanted Officer Holbin to stop the vehicle other than because he was implying that he suspected drug activity. Your Honor, assuming that's the case, that was not what was relayed to Officer Holbin. Right. It wasn't relayed to him. Yes, Your Honor, but even assuming that that was the true basis, as Officer Holbin testified to, that the idea was to get a  to, as you stated, for officer safety reasons, they could have simply called a patrol officer. And as he made it very clear, he's a traffic officer, and he was specifically designated to conduct the traffic. Does that make a constitutional difference? Does somehow the defendant have a constitutional right to be stopped by a patrol officer rather than a traffic officer if he's to be stopped at all? No, Your Honor, but he does have a right when there's no warrant that the officer who conducts the arrest has probable cause, and this officer didn't have it. Okay. What, again, how could he have had probable cause? Is there anything that Myers could have told him that would have risen to that level? You agreed that Myers had probable cause, right? What is it that Myers would have had to tell him in order to make sure that the officer on the scene has probable cause? Your Honor, what was stated in United States v. Jensen? In that case, the officer had his own independent background regarding the — Why don't you just talk to me about this case? What is it that Myers would have had to say in order to give Officer Holman, the stopping officer, a basis of probable cause for making the arrest or the stop on narcotics grounds? Forget about the traffic stop aspect of it. I have probable cause to believe that the vehicle is involved in drug activity. That would have been sufficient, Your Honor, and would have taken a few seconds. Why is that sufficient? Officer Holman doesn't know any of the facts that give rise to probable cause. All he knows is that he has another officer who believes he has probable cause. And, Your Honor, based upon this Court's decision in U.S. v. Bernard, that is sufficient to relay your opinion regarding probable cause. In that case, the arresting officer relied on the opinion of two officers. So what you are quibbling about is a failure of Officer Myers to say, I have probable cause. No, Your Honor. That is not the sole basis. It's the additional request for a specific traffic stop. Those two, the absence of any reference to probable cause and the request for a traffic stop, which was clearly perceived by Officer Holman, that that means develop your own independent basis, relying on the vehicle code to stop and detain the occupants. And that's precisely what was done. We can't now the collected knowledge doctrine basically provides a shorthand for the government. Allows the ---- But I don't want to alert him to the fact that he's under narcotics investigation. So I want to go out and find some basis to stop him at a traffic stop so he doesn't know that he's under investigation. Is everyone okay? Yes, Your Honor. It would have been a lot more than what was provided to Officer Holman in this case. Sounds to me like that's exactly what was provided here. He's the head of a narcotics unit. Everybody knows he's working on narcotics. And he says, stop him for me. Shorthand, I mean, there's no doubt as to what was going on. I can't imagine anybody in their right mind would doubt what was going on. He wants the guy stopped on narcotics charges, but he doesn't, you know, he wants to look like a traffic stop. Your Honor, I would disagree because the government knows now under Wren that pretext is okay, that when they don't have probable cause or reasonable suspicion, they can come up, they can rely on the vehicle code to stop and develop additional information, as long as the original basis is valid. And that could have ---- I disagree that the only way to interpret Sergeant Meyer's request is that we have probable cause to detain this vehicle based on drug activity. It's certainly a way. It certainly is a way, but that is elevating the subjective suspicions of Officer Holman over his objective knowledge and actions in this case. And even if we could, if it was permissible, which it's not under Wren, to look subjectively at what Officer Holman thought the ulterior motive was for the stop, that's not what he ever says. And his third statement, which was provided after the hearing, he simply states, I believe that this was related to a drug investigation. He does not say, I believe Sergeant Meyer had probable cause to stop this vehicle. Okay. Thank you. May it please the Court. Gonzalo Curiel, United States. How are you? Good. Thank you, Your Honor. Anything you heard this morning that's not adequately covered by your brief? I believe it has been covered, and I believe the Court's inquiries have also addressed   Thank you, Your Honor. Okay. Thank you, Your Honor. Thank you, Your Honor.
judges: Kozinski, O'scannlain, Bybee